UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-265-JBC**

**MARY LOU DUFF,**                                                                                              **PLAINTIFF,**

**V.**                         **MEMORANDUM OPINION AND ORDER**

**JO ANNE BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                                              **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Mary Lou Duff, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying Disability Insurance Benefits. The court referred this matter to United States Magistrate Judge James B. Todd, who prepared Proposed Findings of Fact and Recommendations to which the Commissioner objects. The court, having reviewed the record *de novo* in light of those objections, will adopt the magistrate judge's report and recommendation, grant the plaintiff's motion for summary judgment, and deny the Commissioner's motion for summary judgment.

**Standard of Review**

Judicial review of the ALJ's decision is limited to determining whether he employed the proper legal standards. *Cutlip v. Sec'y of Health and Human Serv.*, 25 F.3d 284, 286 (6th Cir. 1994). "This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

"Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The court does not try the case *de novo* or resolve conflicts in the evidence; it also does not decide questions of credibility. *See id.* Rather, if substantial evidence supports the Commissioner's decision, this court will defer to that finding, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth*, 402 F.3d at 595 quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

**The Commissioner's Objections**

The Commissioner urges the court to reject the magistrate judge's report and recommendation, arguing that substantial evidence supports the ALJ's finding that the claimant was not disabled prior to July 1, 2003. Alternatively, the Commissioner argues that this court should remand this matter for further findings of fact.

The Commissioner cites to the ALJ's decision, Tr. 23-26, arguing that substantial evidence supports a finding of deconditioning. Reviewing the text of that decision, the court finds no evidence showing a change in the plaintiff's peripheral neuropathy from May, 2001, to July, 2003. Instead, as explained in the report and recommendation, the medical evidence post-remand remains consistent with the medical evidence prior to the remand. Therefore, the ALJ's finding that the claimant experienced deconditioning – presumably between the first hearing in July,

2002, and the second hearing in December, 2003 – is unsupported by the substantial evidence.

The ALJ's decision is inconsistent with the instructions of the Appeals Council, which instructed the ALJ to prepare a function-by-function assessment of the claimant's ability to do work-related physical activities. This analysis was to include a finding as to how long she could stand and was critical for determining the claimant's RFC. However, rather than make the finding as required by the Appeals Council, the ALJ found that "the claimant retained the residual functional capacity from [May, 2001] until July 1, 2003, to perform work that did not require prolonged standing or handling of heavy objects," but that she could have returned to her past relevant work as a quality control worker. (Tr. 23, 24). These findings are at odds with the Appeals Council's finding that a quality control worker must be able to stand and walk for 3 to 4 hours. (Tr. 182). Nor did the ALJ offer a clear explanation as to why he rejected the opinion of a treating physician in his initial decision.

The court may reverse the ALJ's decision and remand the matter for an award of benefits if the ALJ's decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking. *E.g., Mowery v. Heckler*, 771 F2d. 966, 973 (6th Cir. 1985). *See also Donahue v. Massanari*, 166 F. Supp. 2d 1143, 1148-49 (E.D. Mich. 2001). In deciding to remand for an award of benefits – as opposed to remanding the matter

3

for further factual findings – the court may also consider the age of the case, the age of the plaintiff, the number of prior remands, and the state of the record. *Donahue*, 166 F. Supp. 2d at 1149-51 (collecting cases).

Here, proof of disability is strong – the ALJ recognizes that the claimant has been disabled since July 1, 2003. However, the finding of deconditioning is clearly erroneous and unsupported by substantial evidence. Instead, the evidence suggests that if the claimant was disabled in July, 2003, she was also disabled in June, 2001. Additionally, the court recognizes that this case is approaching the five-year mark and that the claimant is approaching retirement age. The claimant has established a *prima facie* case, and she has satisfied the court that she is entitled to benefits without a third review by the Commissioner. *See id.* at 1149-51. Accordingly,

**IT IS ORDERED** that the report and recommendation (DE 14) is **ADOPTED** as the opinion of this court.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 11) is **GRANTED**. This matter is **REMANDED** to the Commissioner for an award of benefits.

**IT IS FURTHER ORDERED** that the defendant's motion for summary judgment (DE 12) is **DENIED**.

Signed on April 4, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY